UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Insys Therapeutics, Inc
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

Michael Ferraro
_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

<u>15</u>   Civ.<u>CV</u>   (<u>36</u>) (<u>13</u>)

**ANSWER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/15

# I
## ADMISSIONS AND DENIALS

*In this section, state which factual allegations in the complaint you admit to and which factual allegations you deny. You should refer to the complaint paragraph by paragraph (and sentence by sentence within each paragraph), in the same order as the paragraphs and sentences appear in the complaint. Attach additional sheets of papers as necessary.*

1. See Attachment

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

## II
### DEFENSES

*In this section, state any legal theories that, even assuming that what plaintiff has alleged in the complaint is true, do not permit the plaintiff to win the case. Attach additional sheets of paper as necessary.*

**FIRST DEFENSE:**

_____

**SECOND DEFENSE:**

_____

**THIRD DEFENSE:**

_____

     **WHEREFORE** defendant asks this Court to dismiss the complaint and enter judgment in favor of defendant.

*[If you have any counterclaim against the plaintiff that arises out of the same events or transactions stated in the complaint, and/or any crossclaims against the other defendants that arise out of the same events or transactions stated in this complaint, and/or any third-party claims you have against third-parties (that is, someone not already named in the lawsuit) that arise out of the same events or transactions stated in the complaint, you should attach additional sheets of paper to set forth the facts and bases for any such claims. See the Pro Se Manual for a further explanation.]*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 27 day of May , 20 15 .

                              Signature of Defendant _/s/ Michael Ferraro_____

                              Address               20 Cortland Drive

                                                                 Bethel, CT 06801

                                                                 michael.joseph.ferraro@gmail.com

                              Telephone Number    203-733-3180

                              Fax Number (if you have one)  203-744-4151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INSYS THERAPEUTICS, INC.,
        Plaintiff

15 CV 3613

Against

ANSWER

MICHAEL FERRARO,

        Defendant.

Defendant, Michael Ferraro, for its Answer to the Complaint, states as follows:

PARTIES

1. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 1
2. Defendant Admits the allegations in paragraph 2

JURISDICTION AND VENUE

3. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 3
4. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 4

PRELIMINARY STATEMENT

5. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 5
6. Defendant Admits the allegations in paragraph 6
7. Defendant Denies the allegations in paragraph 7
8. Defendant Denies the allegations in paragraph 8
9. Defendant Admits to being terminated, but denies the remaining allegations in Paragraph 9

FACTS

10. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 10
11. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 11
12. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 12

13. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 13
14. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 14
15. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 15
16. Defendant neither Admits nor Denies the allegations in paragraph 16 and states that the policy speaks for itself as to the allegations in paragraph 16
17. Defendant Admits he was employed, but neither Admits nor Denies the remaining allegations in paragraph 17 and states the policy speaks for itself as to the allegations in paragraph 17
18. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 18
19. Defendant neither Admits nor Denies the allegations in paragraph 19 and states that the agreement speaks for itself as to the allegations in paragraph 19
20. Defendant neither Admits nor Denies the allegations in paragraph 20 and states that the agreement speaks for itself as to the allegations in paragraph 20
21. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 21
22. Defendant neither Admits nor Denies the allegations in paragraph 22 and states that the statement speaks to itself as to the allegations in paragraph 22
23. Defendant Denies the allegations in paragraph 23 but Admits to accepting an offer on July 23, 2014 and starting employment on August 11, 2014 as a specialty Sales Professional and District Sales Trainer
24. Defendant Admits to entering into a Proprietary Agreement
25. Defendant Admits to executing a Confidentiality Agreement
26. Defendant admits to receipt of the Handbook for New Employees, but neither admits nor denies the remaining allegations in paragraph 26, and states that the Handbook speak for itself as to the remaining allegations in paragraph 26
27. Defendant Denies the allegations in paragraph 27
28. Defendant Admits the allegations in paragraph 28
29. Defendant neither Admits nor Denies the allegations in paragraph 29, and states that the plan speaks for itself as to the allegation in paragraph 29
30. Defendant neither Admits nor Denies the allegations in paragraph 30, and states that the agreement and plan speak for themselves as to the allegations in paragraph 30
31. Defendant Denies allegation in paragraph 31 but Admits to being terminated on April 23, 2015 and states that Defendant's termination was unlawful.
32. Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 32
33. Defendant Denies allegation in paragraph 33 and states that Defendant made it clear to Plaintiff on several occasions that Defendant was involved in this other business relationship

34. Defendant lacks sufficient knowledge or knowledge to either admit or deny the allegations in paragraph 34, and states that the District Manager never said to Defendant that she wanted to place Defendant on a Performance Improvement Plan
35. Defendant Denies allegations i n paragraph 35 but Admits to speaking with Defendant's District Sales manager regarding Defendant's job performance.
36. Defendant Denies the allegations in paragraph 36 but Admits to raising Defendant's concerns regarding the Plaintiff's sales model and non-compliance with law to Defendant's new District Manager on April 17, 2015
37. Defendant Denies the allegations in paragraph 37, but Admits to sending an email responding to the FCR on April 23, 2015 and states that the FCR and Defendant's email speak for themselves as to the allegations in paragraph 37.
38. Defendant lacks sufficient knowledge or information to either Admit nor Deny the allegations in paragraph 38 but states that Defendant made it clear to Plaintiff on several occasions that Defendant was involved with this other business relationship
39. Defendant Denies the allegations in paragraph 39
40. Defendant Denies the allegations in paragraph 40
41. Defendant Denies the allegations in paragraph 41
42. Defendant lacks sufficient knowledge or information as to what Plaintiff means by a "significant amount of money" and therefore neither Admits nor Denies the allegations in paragraph 42
43. Defendant Denies allegations in paragraph 43 and states that Defendant fully disclosed and made clear to Plaintiff, as early as the hiring process and multiple times thereafter that Defendant had a business relationship with an outside company.
44. Defendant Denies allegations in paragraph 44

## FIRST CAUSE OF ACTION

45. Defendant incorporates by reference all preceding and succeeding paragraphs of this Answer
46. Defendant Admits to entering into a written Offer of Statement on or about July 3, 2014 but denies the remaining allegations of paragraph 46 and leaves Plaintiff to its proof
47. Defendant Admits to entering into a written Proprietary Agreement effective on or about August 11, 2014, but denies the remaining allegations in paragraph 47 and leaves Plaintiff to its proof
48. Defendant Admits to entering into a written Confidentiality Agreement effective on or about August 11, 2014, but denies the remaining allegations in paragraph 48 and leaves Plaintiff to its proof
49. Defendant Admits to acknowledgement of receipt the Handbook for New Employees and states that the Handbook speak for itself as to the remaining allegations in paragraph 49
50. Defendant Denies the allegations in paragraph 50
51. Defendant Denies the allegations in paragraph 51
52. Defendant Denies the allegations in paragraph 52
53. Defendant Denies the allegations in paragraph 53
54. Defendant Denies the allegations in paragraph 54

55. Defendant Denies the allegations in paragraph 55
56. Defendant Denies the allegations in paragraph 56

## SECOND CAUSE OF ACTION

57. Defendant incorporates by reference all preceding and succeeding paragraphs of this Answer
58. Defendant Admits to being employed as a sales trainer, but lacks sufficient information or knowledge to either Admit nor Deny the remaining allegations in paragraph 58
59. Defendant Denies the allegations in paragraph 59
60. Defendant Denies the allegations in paragraph 60 and states that Defendant fully disclosed and made clear to Plaintiff, as early as the hiring process and multiple times thereafter that Defendant had a business relationship with an outside company
61. Defendant Denies the allegations in paragraph 61
62. Defendant Denies the allegations in paragraph 62
63. Defendant Denies the allegations in paragraph 63

## PLAINTIFF'S PRAYER FOR RELIEF

1. Plaintiff is not entitled to the relief requested on the First Cause of Action
2. Plaintiff is not entitled to the relief requested on the Second Cause of Action
3. Plaintiff is not entitled to the relief requested
4. Plaintiff is not entitled to the relief requested
5. Plaintiff is not entitled to the relief requested
6. Plaintiff is not entitled to the relief requested

## FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

This complaint fails to state a claim upon which relief may be granted.

## FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the doctrine of unclean hands.

## FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the doctrines of waiver and estoppel.

## FOR ITS COUNTERCLAIMS AGAINST PLAINTIFF, DEFENDANT STATES

1. I was hired by Plaintiff on or about August 11, 2014.

2. During the interview process, I fully disclosed to Jeff Colley, who was a District Manager for the Plaintiff at the time, that I had an outside business venture with a compounding pharmacy. I explained that I received residual income from that business. Mr. Colley stated that I could continue my involvement with that business.
3. During the interview process, I also disclosed to Joseph Rowan, who was the Eastern Regional Manager, for Plaintiff, that I had an outside business venture with a compounding pharmacy. I explained that I received residual income from that business. Mr. Rowan stated that I could continue my involvement with that business, but that I should wind down my involvement.
4. I began working for Plaintiff, and based on Mr. Colley and Mr. Rowan's representations, I continued my involvement with the compounding pharmacy.
5. In October, 2014, Mr. Rowan recruited me to interview for the a District Manager position, which was the position held by Mr. Colley prior to his resignation from Plaintiff.
6. On October 25, 2014, I interviewed with Mr. Rowan for this District Manager position at the Fairmont Hotel, Washington, DC.
7. During the interview, I again fully disclosed to Mr. Rowan that I continued to maintain involvement with the compounding pharmacy. Mr. Rowan stated that I needed to wind down my involvement.
8. I then met with Mr. Rowan and Mike Babich (Plaintiffi's President and CEO), Darin Fila (Plaintiff's Director of Training), and Alec Burlakoff (Plaintiff's Vice President of Sales) in the lobby of the Fairmont Hotel.
9. I fully disclosed again to Messrs. Rowan, Babich, Fila and Burlakoff that I continued to be involved with the compounding pharmacy, and that I continued to receive residual income from that company.
10. I also assured Messrs. Rowan, Babich, Fila and Burlakoff that I had not and would not solicit or receive any residual income from any of the accounts of Plaintiff that were assigned to me.
11. Mr. Burlakoff, in the presence of Messrs. Rowan, Babich and Fila, stated that Plaintiff was about to offer me the position of District Manager, but that Plaintiff could also terminate me on the spot because of my involvement with the compounding pharmacy.
12. Three days later, on October 28, 2014, Mr. Rowan contacted me by phone and informed me that Plaintiff would not be offering me the position of District Manager. He also stated my employment with Plaintiff would continue, but that I had to wind down my involvement with the compounding pharmacy in 2015.
13. During my phone conversation with Mr. Rowan, I explained to Mr. Rowan that and I had my benefits through the compounding pharmacy, but I would be winding down that outside business venture in 2015. Therefore, I asked Mr. Rowan how I could eventually obtain benefits with Plaintiff since the Open Enrollment period had ended. Mr. Rowan told me to contact Plaintiff's HR department.
14. A few days later, I called Jenna Grosshans, Plaintiff's HR Director, and informed her that I had spoken to Mr. Rowan about winding down my involvement with the compounding pharmacy in 2015. I explained that I had benefits through that company and, therefore, wanted information about how to enroll in Plaintiff's benefits after my wind down was complete in 2015.

15. Ms. Grosshans stated that I needed a change in employment document from the compounding company, and that I could then enroll in Plaintiff's benefits.
16. I continued to work for Plaintiff and attended the Insys National Sales meeting March 10th through March 14th 2015.   During this meeting, I informed Oscar Molina, who was my District Manager at the time, that I continued to have involvement with the compounding pharmacy but that I was winding down my involvement.
17. During the National Sales Meeting, I witnessed and observed statements and actions by Plaintiff's leadership and representatives, which I strongly believed  were non-compliant with the laws and guidelines governing Plaintiff and the pharmaceutical industry.
18. On April 17, 2015, I met with my new District Manager, Michelle Breitenbach, for lunch at a physician's office.   Ms. Breitenbach had replaced Mr. Molina who resigned from Plaintiff.
19. During my meeting with Ms. Breitenbach, I felt very uncomfortable because she was instructing me to take certain actions in regard to selling on behalf of Plaintiff that I strongly believed  were non-compliant with the laws and guidelines governing Plaintiff and the pharmaceutical industry.  Ms. Breitenbach also expressed her concerns about my sales performance during this meeting, but at no time did she ever state to me that she intended to put me on a performance improvement plan.
20. During this meeting, I was not comfortable discussing with Mr. Breitenbach my valid concerns and strong beliefs about Plaintiff's non-compliance with the laws and guidelines governing Plaintiff and the pharmaceutical industry, including the actions that Ms. Breitenbach was expecting and requesting that I participate in.
21. However, following the meeting, on April 17, 2015, I sent a "Letter of Concern" to Ms. Breitenbach, expressing my valid concerns and strong beliefs of the conflicts between Plaintiff's Sales Model and processes,  and the laws and guidelines governing Plaintiff and the pharmaceutical industry, as well as my reluctance to take part in these processes.
22. Later that day, on April 17, 2015, after sending my Letter of Concern, Ms. Breitenbach asked me to initiate a Field Contact Report (FCR) assessing the lunch meeting of April 7.  This was the first time that I had ever been requested to initiate a Field Contact Report.
23. On that same day, April 17, 2015,I was contacted by phone by both Ms. Grosshans and Danielle Davis, Plaintiff's Director of Compliance Department to further discuss more details regarding my "Letter of Concern".
24. During that phone call, I provided Ms. Grosshans and Ms. Davis with additional details and examples regarding my valid concerns and strong beliefs about Plaintiff's non-compliance with the laws and guidelines governing Plaintiff and the pharmaceutical industry, and my reluctance to participate in Plaintiff's non-compliant actions.
25. Four days later, on April 21, 2015, Ms. Breitenbach returned the FCR that I had initiated at her request, and it was replete with factual inaccuracies, disparaging remarks, and incomplete information.
26. Two days later, on April 23, 2015, I sent Ms. Breitenbach my reply to her assessment of the FCT and expressed my disagreements, as well as my valid concerns and strong beliefs that Ms. Breitenbach's assessment was done in retaliation for my notifying her and Plaintiff of the issues raised in my Letter of Concern.

27. My reply to Ms. Breitenbach also expressed my valid concerns and strong beliefs that Ms. Breitenbach and Plaintiff intended to continue their unlawful retaliatory conduct toward me and, therefore, I requested to discuss a separation package.
28. I copied Ms. Davis on my reply to Ms. Breitenbach. .
29. I received a phone call after 5:00PM EST on April 23, 2015 from Ms. Grosshan and Plaintiff's General Counsel, Franc Del Fosse, informing me that Plaintiff had performed an investigation, and confirmed that I was involved with the compounding pharmacy.
30. I had repeatedly and fully disclosed this business relationship to Plaintiff, and I was still in the process of winding down my involvement at that time.
31. Mr. Del Fosse told me that Plaintiff was terminating my employment for Cause due to my involvement with this compounding company.
32. Mr. Del Fosse also told me that Plaintiff would sue me to the fullest extent of the law for breach of employment contract.
33. On May 8, 2015, I received a summons and complaint from Plaintiff, suing me for alleged breach of contract and alleged breach of fiduciary duties.

FIRST CAUSE OF ACTION
(Unlawful retaliatory treatment and discharge)

34. Defendant incorporates by reference all preceding and succeeding paragraphs of this Counterclaim.
35. Plaintiff's treatment of me including my termination of my employment was done in retaliation for my actions in alerting Plaintiff to my valid concerns and strong beliefs about Plaintiff's non-compliance with the laws and guidelines governing Plaintiff and the pharmaceutical industry, and my reluctance to participate in Plaintiff's non-compliant actions.
36. Plaintiff's alleged Termination for Cause is a pretext for the unlawful retaliation.
37. I had fully and repeatedly disclosed to Plaintiff my involvement with the pharmaceutical company, and Plaintiff repeatedly and knowingly allowed me to continue to this involvement subject to me winding down my involvement in 2015, which I was still in the process of doing at the time of my unlawful retaliatory discharge.
38. Plaintiff's unlawful retaliatory treatment and discharge of me has caused me significant, long lasting and possible permanent financial and emotional damage.

SECOND CAUSE OF ACTION
(Malicious Prosecution)

39. Defendant incorporates by reference all preceding and succeeding paragraphs of this Counterclaim.
40. Plaintiff's present lawsuit against me was filed in bad faith and with malicious intent to harass and disparage me for engaging in protected activity in alerting Plaintiff to my valid concerns and strong beliefs about Plaintiff's non-compliance with the laws and guidelines governing Plaintiff

and the pharmaceutical industry, and my reluctance to participate in Plaintiff's non-compliant actions.
41. Plaintiff's malicious prosecution has caused me significant, long lasting and possible permanent financial and emotional damage.

THIRD CAUSE OF ACTION
(Breach of Covenant and Fair Dealing)

42. Defendant incorporates by reference all preceding and succeeding paragraphs of this Counterclaim.
43. At the beginning of my employment with Plaintiff, I entered into certain agreements with Plaintiff,, including the Proprietary Agreement and the Confidentiality Agreement.
44. Plaintiff's treatment of me including my termination of my employment was done in retaliation for my actions in alerting Plaintiff to my valid concerns and strong beliefs about Plaintiff's non-compliance with the laws and guidelines governing Plaintiff and the pharmaceutical industry, and my reluctance to participate in Plaintiff's non-compliant actions.
45. Plaintiff's alleged Termination for Cause is a pretext for this unlawful treatment and retaliation
46. Plaintiff's actions violate the covenant of good faith and fair dealing in these agreements.
47. Plaintiff's violation of the covenant of good faith and fair dealing has caused me significant, long lasting and possible permanent financial and emotional damage.

FOURTH CAUSE OF ACTION
(Breach of Contract)

48. Defendant incorporates by reference all preceding and succeeding paragraphs of this Counterclaim.
49. At the beginning of my employment with Plaintiff, I entered into certain agreements with Plaintiff, including the Proprietary Agreement and the Confidentiality Agreement.
50. Plaintiff's treatment of me including my termination of my employment was done in retaliation for my actions in alerting Plaintiff to my valid concerns and strong beliefs about Plaintiff's non-compliance with the laws and guidelines governing Plaintiff and the pharmaceutical industry, and my reluctance to participate in Plaintiff's non-compliant actions.
51. Plaintiff's alleged Termination for Cause is a pretext for this unlawful treatment and retaliation
52. Plaintiff's actions violate and breach these agreements.
53. Plaintiff's violation and breach of these agreements has caused me significant, long lasting and possible permanent financial and emotional damage.

DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Court:

1. On Defendant's First Counterclaim, find that Plaintiff's termination of Defendant's employment was unlawful retaliation.
2. On Defendant's Second Counterclaim, find that Plaintiff's present lawsuit was filed in bad faith and with malicious intent.
3. On Defendant's Third Counterclaim, find that Plaintiff's actions violated its covenant of good faith and fair dealing in the agreements between Plaintiff and Defendant.
4. On Defendant's Fourth Counterclaim, find that Plaintiff's actions violated and breached the agreements between Plaintiff and Defendant.
5. Award Defendant compensatory damages and punitive damages in an amount to be determined at trial
6. Order such equitable relief as it deems appropriate and necessary;
7. Order that Plaintiff pay interests and Defendant's costs of this suit;
8. Grant Defendant such further and other relief as the Court deems just and proper.

Date: May 27, 2015

Respectfully submitted,

*[signature]*

Michael Ferraro
Pro Se
20 Cortland Drive
Bethel, CT 06801
michael.joseph.ferraro@gmail.com
T 203-733-3180
F 203-744-4151